IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALBERT L. BRYANT,  : CIVIL ACTION NO.
 : 1:15-CV-4495-TWT-JSA
    Plaintiff,  :
 :
 v.  :
 :
SELENE FINANCE, LP and BANK OF  :
AMERICA CORPORATION,  : **ORDER AND FINAL REPORT AND**
 : **RECOMMENDATION ON A**
    Defendants.  : **MOTION TO DISMISS**

Plaintiff alleges breach of contract, wrongful foreclosure, and a variety of other claims with regard to Defendant's foreclosure of his residential property. The case is now before the Court on Defendant's Motion to Dismiss [3], Plaintiff's Motion in Opposition [9], Motion to Set Aside Deed [10], Motion to Amend [12] and Motion for Restraining Order [14]. As explained below, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss [3] be **GRANTED** and that Plaintiff's Motions be **DENIED**.

I.    **BACKGROUND**

A.    *The Original Complaint*

Plaintiff obtained a mortgage loan from Bank of America in 2008 to purchase his residence in Villa Rica, Georgia. Complaint [1] at 4. In 2015, Plaintiff suffered financial hardship and requested a modification of the loan. *Id.* Plaintiff provided all

of the requested information and "was continuously told that his application [was] being processed." *Id.* On or about March 2015, Plaintiff was told that his loan was transferred to Selene Finance, LP and that he would have to reapply for a modification. *Id.* Plaintiff did so although Selene procrastinated in processing the application and continually asked for duplicative information. *Id.*

In August 2015, Plaintiff received a denial letter from Selene. *Id.* at 5. Plaintiff appealed, and eventually received further correspondence in November 2015 from Selene confirming the denial, and indicating that he was only qualified for a short sale, deed-in-lieu of foreclosure or a short payoff. *Id.* Plaintiff then received a letter from Selene demanding full payment of the principal to avoid foreclosure. *Id.* Plaintiff also includes background allegations as to the nature of the mortgage crisis in this country, the role of the federal government, and certain alleged unlawful business practices by Selene and Bank of America generally. *Id.* at 5-6.

Plaintiff alleges Breach of Contract (Count I). Somewhat confusingly, given the factual allegations that Defendants procrastinated on and ultimately denied Plaintiff's request for modification, Count I alleges that Defendants "promised to Plaintiff that they would modify Plaintiff's loan" and "[n]either [Defendant] complied with their

2

promise . . . ." *Id.* at 8.[1] Plaintiff also alleges Breach of Implied Covenant of Good Faith (Count II), arguing that Defendants' delay and procrastination in handling his modification request violates Defendants' duties of good faith dealing. *Id.* Plaintiff also alleges Wrongful Foreclosure (Count III), on the basis that Defendants did not provide notice of foreclosure "with an objective means of verifying his notice," that is, with "a certified return receipt by a third party." *Id.* at 9-10. Finally, Plaintiff alleges a claim under the Georgia Constitution (Count IV), alleging that he has been deprived of his property without due process of law. *Id.* Plaintiff states in this claim that "[t]he same is true under Federal Statute, the 14th Amendment."

B.   *Plaintiff's Proposed Amendment and Other Motions*

On June 14, 2016, Plaintiff requested to amend the complaint [12]. While the original complaint was filed before any actual foreclosure sale, according to the proposed Amended Complaint during the pendency of this lawsuit Defendants went ahead and executed a sale of deed under power to an entity known as Shockley Realty

---

[1] On March 29, 2016, Plaintiff filed a Motion in Opposition to Defendants' Motion to Dismiss [9], which the undersigned interprets as an opposition brief with respect to the dismissal motion, albeit one that was filed approximately two months late. In any event, this submission attaches an August 14, 2015 letter from Defendant Selene to an entity known as "GBR & Associates" that states that Plaintiff is "approve[d]" for a particular loan modification, and must submit a response within seven days to accept. [9-2]. There is no further information provided as to what happened with this offer.

& Development. Am. Compl. [12] at 2-3. Shockley has filed a writ of possession in the Magistrate Court of Carroll County, Georgia. *Id.*

In his proposed Amended Complaint, Plaintiff provides no particular legal grounds for complaining about this sale other than that it occurred while this lawsuit was pending. On April 22, 2016, however, Plaintiff also filed a "Motion to Set Aside Deed," in which he alleges that no public auction of the property actually occurred on the advertised date on the Courthouse steps as advertised. *See* Motion [10] at 1-2. Plaintiff, in other words, appears to allege that the "sale" to Shockley was a private, under-the-table, transaction and not the result of a publicly called auction as required. Thus, the Amended Complaint seeks to add Shockley as an "indispensable party." [12] at 1.

C.    *Defendant's Motion to Dismiss and Attached Documents*

Defendant has attached the following documents to its Motion to Dismiss: (1) the Warranty Deed dated March 1, 2002; (2) the Security Deed dated February 25, 2008 naming Plaintiff as the grantor; (3) the Assignment dated June 18, 2010; (4) the Assignment dated October 7, 2014; and (5) the Notice of Foreclosure Sale dated November 24, 2015. *See* Motion to Dismiss [3], exhs. A-E. The Court can consider the deed and attachments as uncontested public records. *See Universal Express Inc., v. S.E.C.*, 177 Fed. App'x 52, 53 (11th Cir. April 18, 2006) ("A district court may take

4

judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. Public records are among the permissible facts that a district court may consider.") (citations omitted); *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss."). The remaining documents are arguably proper to consider, as they are "central" to Plaintiff's wrongful foreclosure claim and/or directly referred to in Plaintiff's wrongful foreclosure claim, and Plaintiff does not contest their authenticity. *See SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010). However, as explained below, the resolution of the pending motions to dismiss does not turn on the Court's consideration of these documents.

## II.   DISCUSSION

### A.   *Defendant's Motion to Dismiss*

When evaluating a motion to dismiss under Rule 12(b)(6), the Court cannot consider matters outside of the pleadings, and must accept the allegations of the non-movant's pleadings as true but "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 552 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Moreover, "a plaintiff's

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).

*Iqbal* went on to instruct that, while a court must accept all factual allegations in a complaint as true, it need not accept as true legal conclusions recited in a complaint. Repeating that "only a complaint that states a plausible claim for relief survives a motion to dismiss" the Supreme Court advised that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)) (other citation and modification omitted).

1.      Breach of Contract

Plaintiff has the burden of proving the existence of a valid and enforceable contract. Thus, "[u]nder O.C.G.A. § 13-3-1, the plaintiff in a breach of contract action has the burden of pleading and proving three elements: subject matter of the contract, consideration, and mutual assent by all parties to all contract terms." *Broughton v. Johnson*, 247 Ga. App. 819, 545 S.E.2d 370, 371 (Ga. Ct. App. 2001). "No contract

6

exists until all essential terms have been agreed to, and the failure to agree to even one essential term means there is no agreement to be enforced." *Reichard v. Reichard*, 262 Ga. 561, 423 S.E.2d 241 (Ga. Ct. App. 1992) (citations omitted).

As noted above, the basis of Plaintiff's breach of contract claim is that "Bank of American and Selene Finance promised to plaintiff that they would modify Plaintiff's loan," but did not comply with that promise. Complaint [1] at 8-9. Plaintiff's submissions on this point are very confusing and contradictory, as the Complaint elsewhere states that Plaintiff was expressly denied a modification by Selene in August 2015, *id.* at 5, whereas other documents Plaintiff attaches show that Selene approved Plaintiff for a proposed three month trial period modification in August 2015, *see* [9-2].

Nevertheless, a mere "promise" of a modification does not itself create new contractual obligations.  Among many other things, this allegation is lacking in a crucial element of contract formation: binding consideration from Plaintiff. After all, "[a]n agreement on the part of one to do what he is already legally bound to do is not a sufficient consideration for the promise of another." *Citizens Trust Bank v. White*, 618 S.E.2d 9, 11–12 (2005). Thus, the Eleventh Circuit has refused to enforce promises of loan forebearance, based on no additional consideration from the debtor beyond the already-existing promise to eventually pay back the existing debt. *See*

*McGowan v. Homeward Residential, Inc.*, 500 Fed.Appx. 882, 884-885 (11th Cir. 2012).

The apparent offer of a trial period plan by Selene in August 2015 does not itself constitute a contract either. First, there is no allegation as to whether this offer was accepted and complied with. Second, courts around the country have consistently rejected breach of contract claims based on offers of trial period plans. This is because no binding contract is formed when a lender offers to modify a loan in the future, pursuant to undefined terms, upon the successful completion of a trial period of reduced payments. *See Lonberg v. Freddie MAC*, 2011 WL 838943 at *7 (D. Or. Mar. 4, 2011) ("[E]very court that has reviewed this issue has unanimously agreed that a defendant's failure to provide a permanent loan modification solely on the basis of the existence of a TPP [trial period plan] does not sufficiently state a breach of contract claim."); *see also In re Salvador*, 2011 WL 1833188, at *7 (Bkrtcy. M.D. Ga. May 12, 2011) ("It is clear from the terms of the TPP Agreement that the document is nothing more than an agreement to negotiate further with respect to the terms of a proposed loan modification. The parties did not reach an agreement on all essential terms concerning the proposed loan modification."); *Brown v. Bank of N.Y. Mellon*, 2011 WL 206124, at *3 (W.D. Mich. Jan. 21, 2011)*; Grill v. BAC Home Loans Servicing*, 2011 WL 127891, at *3–4 (E.D. Cal. Jan. 14, 2011); *Prasad v. BAC Home Loans*

*Servicing*, 2010 WL 5090331, at *3–4 (E.D. Cal. Dec. 7, 2010); *Jackson v. Ocwen Loan Servicing*, 2010 WL 3294397, at *3 (E.D. Cal. Aug. 20, 2010); *but see Durmic v. J.P. Morgan Chase Bank*, 2010 WL 4825632 (D. Mass. Nov. 24, 2010) (denying motion to dismiss plaintiffs' breach of contract claim when satisfaction of plaintiffs' trial period plan was not disputed).

These courts correctly reason that a trial period letter itself offers lack all essential terms concerning the proposed loan modification, and thus, by merely agreeing to these trial periods, the parties cannot be said to have agreed to all essential terms of a contract to modify a loan. Just as in the above-cited cases, the Selene August 2015 letter offers lack any specification of the interest rate that would be applied post-modification, the monthly payments, the maturity date, and other customary terms. Those omissions are fatal to Plaintiff's claims.

Otherwise, Plaintiff establishes no obligation by Defendants in any contract with Plaintiff–such as the Promissory Note or Security Deed–to modify his mortgage. Plaintiff's breach of contract claim fails.

### 2.    Covenant of Good Faith/Fair Dealing

Plaintiff separately alleges, in Count II, that Defendants breached the implied covenant of good faith and fair dealing by failing to expeditiously process his loan modification applications. However, "[I]n order to state a claim for breach of the

implied duty of good faith and fair dealing, a plaintiff must set forth facts showing a breach of an actual term of an agreement. General allegations . . . not tied to a specific contract provision are not actionable." *Am. Casual Dining, L.P. v. Moe's Sw. Grill, LLC*, 426 F. Supp. 2d 1356, 1370 (N.D. Ga. 2006). Plaintiff here identifies no particular contractual provision that Defendants breached, whether directly or through an implied covenant of good faith. And as explained above Plaintiff fails to state a breach of contract theory based on the express terms of the Security Deed or any other applicable contract. Thus, Count II should be dismissed.

### 3. Wrongful Foreclosure

Plaintiff alleges that Defendants did not provide required notice of foreclosure "with an objective means of verifying [the] notice," that is, with "a certified return receipt by a third party." Complaint [1] at 9-10.

"In Georgia, a plaintiff asserting a claim of wrongful foreclosure must establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." *Racette v. Bank of Am.*, 733 S.E.2d 457, 462 (Ga. Ct. App. 2012). "A lender owes a borrower a duty to exercise a power of sale in a security deed fairly, which includes complying with statutory and contractual notice requirements." *Thompson-El v. Bank of Am., N.A.*, 759 S.E.2d 49, 50 (Ga. Ct. App. 2014).

Plaintiff first argues that:

> Defendant in this Action has not provided Notice of its intention to foreclose as is required under Georgia Statute O.C.G.A. 44-14-162.2. defendant is required to provide notice of foreclosure to the debtor with objective means of verifying his notice. This requires a certified return receipt by a third party. This is different from a subject mean of notice, which notice-process can be manipulated by the sender. This is referred to as a forwarding notice. Georgia courts has long decided that this method of notice will not satisfy the statute.

Complaint [1] at 9-10. This argument fails at the threshold because it consists solely of legal conclusions. The allegations contain no *facts* as to how Defendants actually informed Plaintiff of the foreclosure.

Plaintiff's legal conclusions as to what constitutes proper service–including the difference between "notice-process," "subject mean of notice," and "return receipt by a third party"–are not understandable. But regardless of Plaintiff's conclusions, the procedures by which a lender must notify a borrower of foreclosure proceedings are governed by clear state law. O.C.G.A. § 44-14-162.2(a) provides that:

> Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure. Such notice shall be in writing . . . and shall be sent by registered or certified mail or statutory overnight delivery, return receipt requested, to the property address or to such other address as the debtor may designate by written notice to the secured creditor. (Emphasis added).

"Courts must strictly construe statute governing notice of foreclosure sale because it is in derogation of common law." *Peters v. Certusbank Nat'l Ass'n*, 763 S.E.2d 498, 2014 WL 4400769, at *2 (Ga. Ct. App. 2014). However, actual receipt is not required, and the lender need not produce a return receipt proving service on the borrower. All the statute requires is that the lender send the notice via registered, certified, or statutory overnight mail, with a return receipt requested, to the proper address. *See Arrington v. Reynolds*, 564 S.E.2d 870, 871 (Ga. Ct. App. 2002). Plaintiff does not assert any factual allegations to support a plausible conclusion that Defendant failed to take these minimally-required steps, and therefore fails to show wrongful foreclosure on this ground.[2]

Even if Plaintiff had alleged a technical failure to provide proper notice, the Complaint lacks any facts suggesting that such a failure caused damages. Plaintiff

---

[2] As noted above, Defendant Selene Finance attaches copies of correspondence and postal service records showing that it mailed notice to the property address via registered mail, return receipt requested. *See* [3-5]. As explained above, the Court generally cannot consider material filed outside of the pleadings in the case. However, this foreclosure notice and USPS receipt are arguably permissible to consider, as Defendants are permitted to attach copies of documents that Plaintiff refers to and incorporates into the Complaint, and Plaintiff does not dispute the authenticity of these documents. These documents clearly support Defendants' position, as they show that the foreclosure notice was sent in a statutorily-required manner to the property address at issue, as required. Even if the documents could not properly be considered on a motion to dismiss, however, the result would be the same. Dismissal is still appropriate for Count III because, as explained above, Plaintiff's allegations do not support a finding that Defendants failed to provide the statutorily-required notice.

obviously is aware of the foreclosure action as he has filed this lawsuit prior to the threatened foreclosure. Thus, Plaintiff was presumably able to take appropriate legal action, clear any default if he can prior to the sale, or take any other action that he might be able to take upon receiving notice. At a minimum, Plaintiff fails to allege otherwise, and explain how the lack of a "third party receipt" caused him actual harm.

Plaintiff's other theory of wrongful foreclosure is that "Selene Finance do not [sic.] have the sole authority to modify nor change the terms of plaintiff's mortgage agreement." This legal conclusion parrots O.C.G.A. § 44-14-162.2, which requires that the foreclosing party notify the borrower of the "individual or entity who [has] full authority to negotiate, amend, and modify all terms of the mortgage with the debtor." As with the method of mailing, however, Plaintiff alleges nothing other than the bare legal conclusion that Defendant violated the statute. Once again, Plaintiff pleads no specific facts to support the conclusion that Selene Finance lacked authority to modify or negotiate the loan. Indeed, to the contrary, Plaintiff's own exhibits show that Selene Finance approved Plaintiff for a modification at some point. *See* [9-2].

Moreover, the Court has taken notice of Defendant's attachment of the October 7, 2014 assignment, by which the Security Deed was transferred to Selene Finance. *See* [3-4]. The Georgia Supreme Court has held that the holder of a Security Deed is authorized to exercise the power of sale. *See You v. JP Morgan Chase Bank*,

743 S.E.2d 428, 433-34 (Ga. 2013). And, if that entity possesses or has been delegated the authority to modify or negotiate the loan, noone else need be listed in the foreclosure notice. *See Id*. Plaintiff fails to show that Selene lacks such authority or that the foreclosure notice otherwise violates O.C.G.A. § 44-14-162.2, particularly as clarified by *You*. Thus, Plaintiff's wrongful foreclosure claim fails.

4.    Constitutional Claims

Plaintiff finally claims in Count IV that "the lack of notice given to the debtor under law, when foreclosing on real property, constitutes a taking of property without process of law" under the Georgia Constitution, and that "[t]he same is true under Federal Statute, the 14th Amendment." [1] at 10.

Generally, the state and federal constitutions impose obligations on public actors, not private citizens or corporations. The Eleventh Circuit has held that non-judicial foreclosure sales do not involve state action. *Crooked Creek Properties, Inc. v. Hutchinson*, 432 F. App'x 948, 949-50 (11th Cir. 2011) (citing *Roberts v. Cameron–Brown Co.*, 556 F.2d 356, 358-60 (5th Cir. 1977) (finding no state action nexus in private foreclosure sale)). This is because "[p]rivate banks ... are not 'state actors.'" *Hennington v. Bank of Am.*, 1:10–CV–1350–WSD–JFK, 2010 WL 5860296, at *6 (N.D. Ga. Dec. 21, 2010) report and recommendation adopted, No. 1:10–CV–1350–WSD, 2011 WL 705173 (N.D. Ga. Feb. 18, 2011). Therefore, even

setting aside the entirely conclusory nature of these allegations, Plaintiff alleges no valid constitutional claims. Moreover, as explained above, the Court has already found that Plaintiff has failed to allege a lack of legally sufficient notice of foreclosure, which is yet one more reason why this frivolous claim is due to be dismissed.

### 5.      Other Possible Claims

Although Plaintiff does not enumerate any such claim, he refers to the Georgia Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-393. Complaint [1] at 8. In general, only business practices or activities that are unregulated by other statutes fall within the purview of the FBPA. *See Jenkins v. BAC Home Loan Servicing, LP*, 822 F. Supp. 2d 1369, 1375 (M.D. Ga. 2011) ("Based on the intent of the statute, only the unregulated consumer marketplace falls within the scope of the FBPA, not regulated areas of activity."). Because the practice of mortgage lending and the process of initiating foreclosure sales are highly regulated by other federal and state statutes, those activities are not the proper basis of a claim brought under the FBPA. *Id.* at 1376 ("Since the area of mortgage transactions is heavily regulated by the Truth in Lending Act, the Real Estate Settlement Procedures Act, and the Georgia Residential Mortgage Act, courts have found it appropriate to dismiss FBPA claims that allege injury based on mortgage transactions."); *see also Reese v. Wachovia Bank, N.A.*, Civil Action No. 1:08-CV-3461-GET, 2009 U.S. Dist. LEXIS 94802, at *5

(N.D. Ga. Feb. 23, 2009) ("[t]he FBPA does not apply to residential mortgage transactions" because "[t]he area of mortgage transactions is regulated by the Truth in Lending Act, the Real Estate Settlement Procedures Act, and the Georgia Residential Mortgage Act"). Thus, because the FBPA does not apply to Defendant's conduct as alleged by Plaintiff in the Complaint, the undersigned finds that Plaintiff has failed to state a plausible claim for relief against Defendant under the FBPA.

Plaintiff also references Defendant Bank of America's receipt of federal assistance under the Troubled Asset Relief Program ("TARP"). Plaintiff only provides conclusory allegations in this regard and no specific explanation of what legal obligations Defendants violated under TARP. In any event, the Eleventh Circuit has found that TARP provides no private right of action and that borrowers therefore cannot sue under TARP to resist foreclosure. *See Molina v. Aurora Loan Services, LLC*, 635 Fed.Appx. 618, 626 (11th Cir. 2015).

Thus, these miscellaneous references to possible other claims all fail as well. As a result, the Complaint does not state any claim and should be **DISMISSED**.

B.     *Plaintiff's Motion to Amend*

Plaintiff has also filed a Motion to Amend Complaint [12] and Motion to Set Aside Deed [10], seeking to add "indispensable party" Shockley Realty as a Defendant, and to invalidate an apparent foreclosure sale from Selene to Shockley on or about January 5, 2016. Plaintiff first appears to take issue with the fact that this foreclosure sale went forward despite the pendency of this lawsuit. Plaintiff also separately alleges that Defendant Selene Finance's foreclosure sale to Shockley was not the result of a publicly-cried auction.

Rule 15(a) of the Federal Rules of Civil Procedure generally governs the amendments of pleadings before trial. Rule 15(a) states that a party "may amend its pleading once as a matter of course" within 21 days after serving the pleading, or, if the pleading is one in which a responsive pleading is required, within 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. FED. R. CIV. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).

As to the first point, Plaintiff points to no authority precluding Defendants from executing a foreclosure sale simply because Plaintiff has filed this lawsuit. Defendants, after all, are not under any restraining order or other judicial restriction

issued by this Court with regard to their rights to Plaintiff's Villa Rica property. Plaintiff refers to O.C.G.A. § 44-14-186 as supposedly mandating a jury trial to resolve contested foreclosures. As Defendant points out, this section relates to judicial proceedings instituted by a creditor "to foreclose a mortgage," not, as here, a lawsuit filed by a borrower to try to stop a nonjudicial foreclosure under a security instrument containing a power of sale. It would certainly be a massive loophole in the nonjudicial foreclosure system if any sale under power could be halted and subject to a jury trial simply because a borrower files suit.

Second, more fundamentally, Plaintiff does not establish that he is entitled to have any judicial proceeding reach a jury trial where, pursuant to permissible pretrial motions, a determination is made that Plaintiff's claims fail as a matter of law. Therefore, Plaintiff's proposed amendment is futile, to the extent it seeks to assert any claim or violation based on § 44-14-186.

As to the second point, O.C.G.A. § 44-14-162 states that "no sale of real estate under powers contained in mortgages, deeds, or other lien contracts shall be valid unless the sale shall be advertised and conducted at the time and place and in the usual manner of the sheriff's sales in the county in which such real estate or a part thereof is located . . . ." According to Plaintiff, a witness (Lennette Bryant) attended the supposed sale scheduled for January 5th, 2016 and attests that "[t]he sale of the subject

18

Property was not bided [sic.], it was not offer for sale [sic.] and there was not an announcement of sale of the property." [10-1] at 2. Nevertheless, Defendant Selene apparently recorded a sale to Shockley. *Id.* Defendant argues that neither Plaintiff in his proposed Amended Complaint, nor Ms. Bryant in her affidavit in support of the Motion to Set Aside Deed, establish enough facts to conclude that Ms. Bryant was even present in the correct place where the sale occurred.

The issue here is a bit more murky. While Ms. Bryant's testimony may ultimately be insufficient to prove the allegation, Plaintiff is not obliged at this juncture to prove his claim. He is obliged solely to *allege* facts that support his claim. Here, he has alleged that no publicly-cried auction took place. There is at least a colorable question as to the sufficiency of this pleading under *Iqbal*.

Nevertheless, the Court rejects Plaintiff's request to amend to add this claim as futile for a somewhat different reason. Regardless of whether Plaintiff could theoretically state a violation of the public sale requirement of O.C.G.A. § 44-14-162 against Selene Finance and Shockley Realty, this Court lacks any apparent jurisdiction to hear such a claim. Because the property has apparently already been sold to Shockley, Plaintiff's amendment includes Shockley as a Defendant, and in fact refers to Shockley as an indispensable party. *See* Amended Complaint [12] at 1. But, as a result, the proposed Amended Complaint would no longer be subject to this Court's

diversity jurisdiction. *See* 28 U.S.C. § 1332. Plaintiff, after all, resides in Georgia and, according to his own filings, Shockley Realty and Development is based in Carrollton, Georgia. *See* Amended Complaint [12] at 5.[3] As the only claims proposed to be brought in the Amended Complaint are under state law, and as the parties in the Amended Complaint would not be completely diverse, there is no apparent basis for federal jurisdiction and allowing the amendment would be futile for that reason alone.[4] *See Ranbaxy Laboratories, Inc. v. First Databank, Inc.*, – F.3d –, 2016 WL 3457625, *3 (11 Cir. June 24, 2016) ("A district court may exercise diversity jurisdiction only if there is complete diversity between the parties, that is, no two adverse parties are citizens of the same state.")

---

[3] The Georgia Secretary of State's records confirm that Shockley Realty & Development, Inc. is a Georgia company based in Carrollton, Georgia. *See* https://ecorp.sos.ga.gov/BusinessSearch/BusinessInformation?businessId=385932&businessType=.

[4] The only arguable federal claim in the original Complaint is that, at the end of the section entitled "Violation of Georgia Constitution," Plaintiff included a sentence saying "[t]he same is true under Federal Statute, the 14th Amendment." [1] at 10. As explained above, these claims are patently frivolous. Even if there may have originally been federal question jurisdiction based on this one frivolous sentence, the Supreme Court has made clear that the best course after dismissing this solitary federal claim is for the district court to refuse to exercise supplemental jurisdiction over the remaining claims and, instead, allow those claims to be litigated in state court. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

Thus, the Court recommends denial of Plaintiff's Motion to Amend as futile, although that denial would be without prejudice to asserting a potential claim in state court as explained above. Because the Motion to Amend is due to be denied, the Court also recommends denial of Plaintiff's Motion to Set Aside Deed [10] and Motion for Restraining Order [14], as those motions primarily rely on the alleged improprieties in the January 2016 sale to Shockley, which do not relate to any claims in the original, operative Complaint.[5]

## III.   CONCLUSION

Thus, the Court **RECOMMENDS** that Defendants' Motion to Dismiss [3] be **GRANTED** and that the Complaint [1] be **DISMISSED**.

The Court **DENIES** as moot Defendant's Motion in Opposition [9], although the Court has considered the arguments set forth therein as they relate to an opposition to Defendant's Motion to Dismiss.

The Court further **RECOMMENDS** that Defendant's Motion to Amend [12], Motion to Set Aside Deed [10], and Motion for Restraining Order [14] be **DENIED**,

---

[5] To the extent Plaintiff seeks a restraining order or other injunctive relief preventing or setting aside a foreclosure sale based on the legal theories articulated in the original complaint, such relief should be denied because, as the undersigned discusses at length above, those claims are meritless.

although without prejudice to certain theories being properly presented in state court as explained above.

The **CLERK** is **DIRECTED** to withdraw the reference to the undersigned.

**IT IS SO ORDERED AND RECOMMENDED** this 1st day of August, 2016.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE